# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO RIVERA, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | No. 12-3355 |
|     Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                             **July 16, 2013**

Julio Rivera, a pro se plaintiff, sued the City of Philadelphia, Officer Joseph E. O'Malley, and five other unnamed Defendants who work in the 26th District Police Department. Since the Rule 16 conference on October 3, 2012, Rivera has failed to respond to Defendants' discovery request, attend his deposition, oppose Defendants' motion to dismiss, and respond to the Court's Order to Show Cause why his action should not be dismissed. Furthermore, Rivera has made no attempt to contact the Court in any way. Before the Court is the City of Philadelphia and Officer O'Malley's motion to dismiss for failure to prosecute. For the following reasons, the motion to dismiss is granted as to all Defendants, both named and unnamed.

## I.  BACKGROUND

Rivera's action arises out of an incident that took place on June 13, 2010,[1] in which Officer O'Malley and several other unidentified police officers approached Rivera on a public sidewalk and allegedly hit him and shoved him to the ground, causing him serious injury. (Compl. ¶¶ 21, 26.) As

---

[1] The Complaint mistakenly identifies June 13, 2012 as the date of the incident; in fact, the Complaint was filed on that date, and Plaintiff's former counsel indicated at the Rule 16 conference that the incident actually occurred on June 13, 2010.

a result, Rivera brought this § 1983 claim for violation of his First, Fourth, and Fourteenth Amendment rights, in addition to a *Monell* claim and state law claims for assault and battery, false imprisonment, and intentional infliction of emotional distress.

The Court conducted a Rule 16 conference on October 3, 2012. (ECF Document No. 8.) On October 15, 2012, Rivera's then-counsel moved to withdraw in response to a letter from Rivera requesting that the attorney terminate his representation. (ECF Document No. 10.) The Court granted the motion the same day and stayed the litigation for ninety days to allow Rivera to obtain a new attorney. (ECF Document No. 11.) On March 6, 2013, the Court lifted the stay and issued a Scheduling Order with a deadline of June 20, 2013 for fact discovery. (ECF Document No. 13.)

In an attempt to set up depositions and a discovery plan, counsel for Defendants contacted Rivera by U.S. Mail on March 27, 2013; defense counsel received no response of any kind. (Defs.' Mot. to Dismiss at 3.) On April 8, 2013, defense counsel telephoned Rivera, who said he would be represented by a law firm, but no appearance has been entered on his behalf to date. (*Id.*)

On May 8, 2013, defense counsel sent a notice of deposition to Rivera's residence. (*Id.* Ex. B [Notice of Deposition].) Yet on May 21, 2013, the day of the deposition, he failed to appear and never contacted the Court or defense counsel. (Defs.' Mot. to Dismiss at 3.) Defense counsel later called Rivera, but his phone number was no longer in service, and all subsequent attempts to contact Rivera have been unsuccessful. (*Id.*) Pursuant to Federal Rule of Civil Procedure 41(b), Defendants filed a motion to dismiss for failure to prosecute on May 29, 2013. Rivera's time to respond elapsed, and he filed nothing. On July 1, 2013, the Court ordered Rivera to show cause why his action should not be dismissed for failure to prosecute by July 15, 2013. (ECF Document No. 15.) He again failed to file anything.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." The power of the court to dismiss for failure to prosecute is inherent and necessary to prevent undue delays in the disposition of cases and to avoid docket congestion. *Grogan v. Deb Shops, Inc.*, Civ. A. No. 93-3255, 1993 WL 465382, at *1 (E.D. Pa. Nov. 12, 1993) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). Such dismissal is a "drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).

Prior to granting a motion to dismiss for failure to prosecute, a court typically must undertake a *Poulis* analysis, which requires consideration of six factors. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, the "impossibility exception" allows a court to dismiss a case without weighing the *Poulis* factors when a plaintiff has no intention of furthering the case. *See Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990).

While pro se parties receive some leeway from the court, they cannot disregard court-imposed obligations. *Grogan*, 1993 WL 465382, at *1 (citation omitted); *see also Grosso v. Lublin*, Civ. A. No. 91-361, 1991 WL 160978, at *1 (E.D. Pa. Aug. 15, 1991).

## III. DISCUSSION

The six *Poulis* factors that a court must consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith;

3

(5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868.

### A. Personal Responsibility

Rivera is personally responsible for any delay caused by his inaction because he is a pro se litigant. *See Wallace v. Graphic Mgmt. Assocs.*, 197 F. App'x 138, 141 (3d Cir. 2006); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Therefore, this factor weighs in favor of dismissal.

### B. Prejudice to the Defendant

A plaintiff's failure to cooperate during discovery and attend depositions precludes the opposing party from preparing for trial and is thus prejudicial to the defendant. *See Wallace*, 197 F. App'x at 141; *see also Poulis*, 747 F.2d at 868. By failing to respond to any of Defendants' attempts to conduct discovery, Rivera has exhibited a lack of cooperation and delayed proceedings, resulting in a deprivation of information that has prejudiced Defendants. *See Milligan v. Davidson*, Civ. A. No. 95-7693, 1996 WL 680134, at *7 (E.D. Pa. Nov. 19, 1996) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693 (3d Cir. 1988)). Accordingly, the second factor favors dismissal.

### C. History of Dilatoriness

Ongoing failure to participate in discovery can establish a history of dilatoriness. *See Wallace*, 197 F. App'x at 141. Specifically, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories . . . ." *Chiarulli v. Taylor*, Civ. A. No. 08-4400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). Since March 27, 2013, Rivera has ignored Defendants' request to set a discovery plan, did not attend his own deposition,

failed to respond to Defendants' motion to dismiss, and failed to respond to the Court's Order to Show Cause. Rivera's conduct qualifies as an "ongoing failure to participate" that constitutes an "extensive or repeated delay." *See id.* Furthermore, Rivera has done nothing to demonstrate to the Court any intention of pursuing his action. Therefore, the third factor weighs in favor of dismissal.

### D.  Willfulness/Bad Faith

The Court is unable to determine whether or not Rivera has acted wilfully or in bad faith. While Rivera's disappearance from the case may demonstrate the lack of a good faith attempt to prosecute, there is no evidence that Rivera's delay has been self-serving or strategic. *See Adams*, 29 F.3d at 876. Rather, it is properly characterized as "inexcusable negligent behavior" for a party prosecuting a case. *Id.* The fourth factor is thus neutral.

### E.  Alternative Sanctions

When a litigant is represented by counsel, the most "direct and therefore preferable" sanction is to impose costs caused by the delay. *Poulis*, 747 F.2d at 869. In a pro se context, however, monetary sanctions may "not be an effective alternative." *Enigwe v. Gainey*, Civ. A. No. 10-684, 2011 WL 1335171, at *3 (E.D. Pa. Apr. 6, 2011) (quoting *Emerson*, 296 F.3d at 191). When a court is "completely unable to communicate with the party who initiated the action . . . , the only appropriate sanction is dismissal." *Reiss v. Smith*, Civ. A. No. 12-2089, 2013 WL 2896832, at *3 (M.D. Pa. June 12, 2013). Neither the Court nor the Defendants are able to communicate with Rivera using the address and phone number he has provided the Court. Because Rivera is a pro se litigant and is uncommunicative, the fifth factor favors dismissal.

### F.  Meritoriousness of the Claim

A claim is meritorious if the allegations of the pleadings would support recovery if

established at trial. *Poulis*, 747 F.2d at 869-70 (citations omitted). Given the lack of discovery and Plaintiff's failure to respond to the motion to dismiss, however, it is difficult to assess the merits of his claims. *See Lewis v. Silfies*, Civ. A. No. 10-29, 2012 WL 3641357, at *5 (E.D. Pa. Aug. 24, 2012). The Court therefore finds this factor neutral. *See Emerson*, 296 F.3d at 191. Moreover, even if the Court were to find Rivera's claims meritorious, this factor does not outweigh the other factors. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005); *Hudson v. Coxon*, 149 F. App'x 118, 120 n.2 (3d Cir. 2005) ("We have never held *Poulis*' sixth factor is determinative."); *Milligan*, 1996 WL 680134, at *6 (holding that absent the continued participation of the plaintiff, the court could not provide redress to a meritorious § 1983 civil rights claim).

### G. Balancing the Factors

"The above factors should be weighed . . . in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870. *Poulis* did not create a "magic formula" whereby a mechanical calculation is used to decide whether to dismiss a complaint; not all six factors must be satisfied in order to properly dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *see also Jackson v. U.S. Bankr. Court*, 350 F. App'x 621, 624 (3d Cir. 2009) (finding dismissal proper where four of six factors favored dismissal). Rather, it is the cumulative weighing of all factors that determines whether the action should be dismissed; "the mere finding that one factor does or does not weigh against dismissal is not dispositive . . . ." *Milligan*, 1996 WL 680134, at *6. The Court has here determined that four of the six *Poulis* factors weigh in favor of dismissal. Therefore, dismissal is proper under the *Poulis* analysis.

6

### H. Impossibility Exception

Under the impossibility exception, a court may grant a motion to dismiss for failure to prosecute without going through a *Poulis* analysis when a litigant wilfully refuses to prosecute, effectively making adjudication impossible. *See Jackson*, 350 F. App'x at 624; *see also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer*, 907 F.2d at 1430;. For example, in *Joobeen v. City of Philadelphia Police Department*, the court dismissed the plaintiff's claim without employing a *Poulis* analysis because the plaintiff was entirely disengaged from his action, as evidenced by his failure to follow court orders, cooperate with discovery, provide initial pretrial disclosures, appear at a properly noticed deposition, and respond to the motion to dismiss. Civ. A. No. 09-1376, 2011 WL 710219, at *3 (E.D. Pa. Feb. 28, 2011); *see also Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (affirming dismissal without a *Poulis* analysis for similar reasons). Like the plaintiff in *Joobeen*, Rivera has entirely disengaged from his action. He has not made any contact with the Court since the Rule 16 conference on October 3, 2012, did not cooperate with Defendants in discovery, did not appear for his deposition, has not opposed the motion to dismiss, and failed to respond to the Court's Order to Show Cause. Thus, dismissal for failure to prosecute is also proper under the impossibility exception.

### IV. CONCLUSION

Rivera's disappearance has made it impossible for the Court to proceed with his case. Consequently, Plaintiff's claims against the City of Philadelphia and Officer O'Malley are dismissed. Additionally, the Court dismisses all remaining claims against the unnamed parties for the same reasons set forth above. *See Joobeen*, 2011 WL 710219, at *3; *see also Hernandez v.*

*Palakovich*, 293 F. App'x 890, 894 n.7 (3d Cir. 2008) (holding that a district court has the "inherent power to dismiss [a] case *sua sponte* for failure to follow its orders" (citing *Link*, 370 U.S. at 630-31)). An Order consistent with this Memorandum will be docketed separately.